## Lincoln's Estate

*Isaac S. Grossman,* for exceptants.

*Gordon A. Block,* of *Wolf, Block, Schorr & Solis-Cohen,* contra.

LAMORELLE, P. J., April 5, 1935.—It is hornbook law that, an estate being solvent, there can be no residue until all legacies are paid. In the instant case, to sustain exceptants' contention, we would have to distribute the fund among the residuary legatees, while the pecuniary legatees have as yet received but 50 percent on account, and in this will, these particular pecuniary legatees are to be paid in full before any other legatees receive anything. Saying this, it would seem that we say all that is sufficient and pertinent, as the auditing judge has elaborated and set forth all facts necessary to a proper understanding of the controversy.

It is admittedly true that an agreement among the parties as to a partial distribution may be thought to complicate the question. It does not complicate; it confuses. But such agreement really has no bearing on the question, as counsel admits that any matter relating to the distribution of the present fund was not to be considered as covered by such agreement, but was left open to be decided when the cestui que trust died; the legacy being in trust and the trust now terminating by the death of the cestui que trust.

As nothing new is advanced in argument and as we are in accord with the rulings and conclusions of the auditing judge (in fact, if we thought otherwise, we would need to overturn all principles of law relating to the construction and interpretation of wills) we are constrained to dismiss the exceptions.

Accordingly, all exceptions are dismissed, and the adjudication is confirmed absolutely.